## EJECTMENT—EVIDENCE—FORCIBLE ENTRY AND DETAINER.

[Hamilton (1st) Circuit Court, November 6, 1909.]

Giffen, Smith and Swing, JJ.

SARAH COWEN V. JOHN R. McGORON.

1. CONTRACT OF PURCHASE COMPETENT EVIDENCE IN FORCIBLE ENTRY AND DETAINER BEFORE J. P.

   In forcible entry and detainer proceedings before a justice of the peace a contract of purchase of the premises in controversy is competent for the purpose of showing nature of defendant's possession.

2. POSSESSION OF PREMISES UNDER CONTRACT OF PURCHASE COMPLETE DEFENSE TO FORCIBLE ENTRY AND DETAINER.

   Possession of premises as a purchaser under a contract of purchase is a complete defense to an action for forcible detainer; if some conditions of the contract are not performed by the defendant, ejectment, and not forcible entry and detainer, is the proper proceeding to determine plaintiff's rights therein.

ERROR to Hamilton common pleas court.

**W. A. Stark,** for plaintiff in error.

**A. W. Bruck,** for defendant in error.

Cowen v. McGoron.

**GIFFEN, J.**

The original action of forcible detainer was commenced by John R. McGoron against Sarah Cowen, who, prior to October 4, 1905, had been his tenant; but on that date they entered into a written contract of sale of the premises, under which she paid large sums of money to the plaintiff and made some improvements upon the premises. She thereby ceased to be a tenant, and her possession thereafter was referable to the contract of purchase.

This contract was offered in evidence, not for the purpose of trying the title to the premises, but for the purpose of showing the nature of defendant's possession. To some extent the title was thereby drawn in question; but this is permissible under the cases of *Brown* v. *Burdick*, 25 Ohio St. 260, 270; *Burton Tp. (Tr.)* v. *Tuttle*, 30 Ohio St. 62, 66.

If, as claimed by the plaintiff, some of the conditions of the contract had not been performed by the defendant, an action in ejectment should have been commenced in the court of common pleas, where the equities, if any, of the defendant could be determined. Her possession as purchaser was a complete defense to the action of forcible detainer, and the justice erred in rendering judgment for plaintiff instead of defendant.

The judgment of the court of common pleas affirming the judgment of the justice of the peace will be reversed and the cause remanded to that court with instructions to reverse the judgment of the justice. A like judgment will be entered in the case of *Green* v. *McGoron*, No. 4803.

**Swing** and **Smith, JJ.,** concur.